UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
FRANK REYES,

                    Plaintiff,

                -against-

CITY OF NEW YORK; Sergeant JOSEPH McKENNA, Shield No. 2208; Police Officer BRANDEN PEDROSA, Shield No. 24687; Police Officer HARRY AROCHO, Shield No. 24345; Police Officer ROBERT GUTIERREZ, Shield No. 16889; Police Officer CHRISTOPHER HEALY, Shield No. 31337; Police Officer VICTOR DEJESUS, Shield No. 2327; Inspector "JOHN" COLON; Captain "JOHN" PAGAN; Captain "JOHN" PIETROPINTO; Sergeant "JOHN" MIDWOOD; Sergeant "T" JACKSON; JOHN AND JANE DOE CONDITIONS OFFICERS 1 through 5 (the names John Doe Conditions Officers being fictitious, as the true names are presently unknown); JOHN and JANE DOE 1 through 5, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

11 CV 9110 (BSJ) (RLE)

Jury Trial Demanded



## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Frank Reyes ("plaintiff" or "Mr. Reyes") is a resident of the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendant Joseph McKenna, Shield No. 2208 ("McKenna"), was a police officer and supervisor employed by the NYPD. At all times relevant herein, defendant McKenna was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant McKenna is sued in his individual and official capacities.

10. At all times relevant defendant Branden Pedrosa, Shield No. 24687 ("Pedrosa"), was a police officer employed by the NYPD. At all times relevant herein, defendant Pedrosa was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Pedrosa is sued in his individual and official capacities.

11. At all times relevant defendant Harry Arocho, Shield No. 24345 ("Arocho"), was a police officer employed by the NYPD. At all times relevant herein, defendant Arocho was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Arocho is sued in his individual and official capacities.

12. At all times relevant defendant Robert Gutierrez, Shield No. 16889 ("Gutierrez"), was a police officer employed by the NYPD. At all times relevant herein, defendant Gutierrez was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Gutierrez is sued in his individual and official capacities.

13. At all times relevant defendant Christopher Healy, Shield No. 31337 ("Healy"), was a police officer employed by the NYPD. At all times relevant herein, defendant Healy was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Healy is sued in his individual and official capacities.

14. At all times relevant defendant Victor DeJesus, Shield No. 2327 ("DeJesus"), was a police officer employed by the NYPD. At all times relevant herein, defendant DeJesus was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant DeJesus is sued in his individual and official capacities.

15. At all times relevant defendant "John" Colon ("Colon"), was a supervisor employed by the NYPD. At all times relevant herein, defendant Colon was acting as an agent, servant and employee of defendant City of New York and the NYPD. Plaintiff does not know the first name of defendant Colon. Defendant Colon is sued in his individual and official capacities.

16. At all times relevant defendant "John" Pagan ("Pagan"), was a supervisor employed by the NYPD. At all times relevant herein, defendant Pagan was acting as an agent, servant and employee of defendant City of New York and the NYPD. Plaintiff does not know the first name of defendant Pagan. Defendant Pagan is sued in his individual and official capacities.

17. At all times relevant defendant "John" Pietropinto ("Pietropinto"), was a supervisor employed by the NYPD. At all times relevant herein, defendant Pietropinto was acting as an agent, servant and employee of defendant City of New York and the NYPD. Plaintiff does not know the first name of defendant Pietropinto. Defendant Pietropinto is sued in his individual and official capacities.

18. At all times relevant defendant "John" Midwood ("Midwood"), was a supervisor employed by the NYPD. At all times relevant herein, defendant Midwood was acting as an agent, servant and employee of defendant City of New York and the NYPD. Plaintiff does not know the first name or shield number of defendant Midwood. Defendant Midwood is sued in his individual and official capacities.

19. At all times relevant defendant "T" Jackson ("Jackson"), was a supervisor employed by the NYPD. At all times relevant herein, defendant Jackson was acting as an agent, servant and employee of defendant City of New York and the NYPD. Plaintiff does not know the first name or shield number of defendant Jackson. Defendant Jackson is sued in his individual and official capacities.

20. At all times relevant defendants John and Jane Doe Conditions Officers 1 through 5 were police officers, detectives or supervisors employed by the NYPD and assigned to the conditions team of the 25th Precinct on the "1500x2335" tour on February 18, 2011. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe Conditions Officers 1 through 5.

21. At all times relevant herein, defendants John and Jane Doe Conditions Officers 1 through 5 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe Conditions Officers 1 through 5 are sued in their individual and official capacities.

22. At all times relevant defendants John and Jane Doe 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 5.

23. At all times relevant herein, defendants John and Jane Doe 1 through 5 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 5 are sued in their individual and official capacities.

24. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

25. On February 18, 2011, at approximately 6:00 p.m., Mr. Reyes was lawfully walking on 117th Street between 5th and Madison Avenues in New York, New York, when defendants McKenna, Arocho and Pedrosa stopped him.

26. The officers did not possess any reasonable suspicion to stop plaintiff.

27. When plaintiff repeatedly asked why he was being stopped, the defendants arrested him without probable cause.

28. The officers charged plaintiff with trespass and criminal possession of a controlled substance.

29. At the time in question, plaintiff was on a public street and not

trespassing.

30. At the time in question, plaintiff was not in possession of any illegal drugs.

31. Plaintiff was then transported to the 25th precinct where defendant Pedrosa assaulted him as they were entering the precinct.

32. While in the precinct, plaintiff was again assaulted by Pedrosa, Arocho, Gutierrez and other officers.

33. The defendants added the additional fabricated charges of assault in the second degree and resisting arrest to plaintiff's other charges.

34. Plaintiff was taken to Harlem Hospital by defendant Dejesus and defendant Healy. Dejesus and Healy actively prevented Mr. Reyes from explaining the source of his injuries to medical staff.

35. Mr. Reyes was diagnosed with a fractured nose and other injuries and received stitches above both of his eyes.

36. The Internal Affairs Bureau investigated the incident and took photographs of plaintiff.

37. Plaintiff was taken to the 83rd precinct where he was strip-searched.

38. After spending the night in the precinct, plaintiff was then taken to Central Booking.

39. At arraignment, bail was imposed.

40. Because plaintiff could not post the bail, he was remanded to the custody of the Department of Correction.

41. Plaintiff was released from custody on the 180.80 date, after spending at least six days in custody.

42. After several court appearances, plaintiff's criminal case was dismissed on August 15, 2011.

43. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

44. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

45. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

46. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury that may be permanent, anxiety, embarrassment, humiliation and damage to his reputation and was forced to pay attorneys' fees.

## FIRST CLAIM
### Unlawful Stop, Search and Seizure

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendants violated the Fourth and Fourteenth Amendments because they stopped, searched and seized plaintiff without reasonable suspicion.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

56. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### State Law Malicious Prosecution

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

59. Defendants maliciously commenced criminal proceeding against plaintiff, by charging him with various crimes. Defendants falsely and without probable cause charged plaintiff with crimes of the laws of the State of New York.

60. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

61. All charges were terminated in plaintiff's favor.

62. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

63. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. Defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention Of Employment Services

66.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

68.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

69.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

70.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

71.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

74. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

75. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 20, 2012
         New York, New York

                                      HARVIS MARINELLI
                                      SALEEM & WRIGHT LLP

                                      _____
                                      Gabriel P. Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@hmswlaw.com

                                      *Attorney for plaintiff*